In re Bowers.

## In re Bowers.

### (*Nashville.* December Term, 1916.)

1. **ATTORNEY AND CLIENT. Admission to practice. Power of state board of law examiners.**

Acts 1903, chapter 247, section 5, provides that a State Board of Law Examiners shall certify to the supreme court the names of all applicants who have complied with the rules regulating the admission to practice as attorneys, which compliance shall be determined by the State Board before examination upon such certificate. If the supreme court shall find that such person is of full age and good moral character and otherwise qualified it shall admit him. A petition by the bar association charged that an applicant for admission had been in the business of soliciting and dividing fees with attorneys, and that upon his attention being called to the illegality of such practice he had devised a form of power of attorney under which he acted as agent of the litigant and continued in carrying on the illegal practices. *Held*, that the question as to whether he was a fit person to be admitted to the bar was one properly determinable by the State Board of Examiners. (*Post, p.* 191.)

Acts cited and construed: Acts 1903, ch. 247, sec. 5.

2. **ATTORNEY AND CLIENT. Admission to practice. Eligibility.**

Acts 1903, chapter 247, section 5, empowering the State Board of Law Examiners to certify to the supreme court the names of all applicants who have complied with the rules regulating the admission to practice, which compliance shall be determined by the board before examination, and that "upon such certificate" if the supreme court shall find such person to be qualified it shall admit him, contemplates that the supreme court shall issue a license if the certificate from the State Board of Law Examiners shows that the applicant is qualified, and that [See opinion on petition to rehear at page 193.]

such question must be determined upon the certificate of the State Board. (*Post, pp.* 191, 192.)

CASE ORIGINATED IN SUPREME COURT

Petition by the Nashville Bar & Library Association to prevent a license to practice law for permission to F. E. Bowers.

B. A. BUTLER, for Bowers.

THOS. H. MALONE, for Bar Association.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This matter is before us upon the petition of the Nashville Bar and Library Association interposed for the purpose of preventing a license from issuing from this court to F. E. Bowers authorizing him to practice law in the courts of this state. The petition charges, in substance, that Bowers, in the year 1914, and perhaps thereafter, was engaged in the business of soliciting lawsuits and dividing fees with attorneys. Upon his attention being called to the illegality of his practices, it is alleged that instead of ceasing such practices Bowers devised a form of power of attorney, by the terms of which he acted as agent of the litigant and employed the lawyer instead of the

lawyer employing him.  The petition has been answered by the respondent Bowers, and he denies substantially the material allegations of the petition. The matter has been referred to the clerk of this court who has reported, and the question is now before us upon exceptions to his report.

One exception made is that the questions presented by the petition are properly questions for the determination of the State Board of Law Examiners.  We think this exception is well made.  Acts 1903, chapter, 247, at section 5 thereof, provide as follows:

"Such board shall certify to the supreme court the names of all applicants who shall have passed the required examination: Provided such person shall in other respects comply with the rules regulating the admission to practice as attorneys and counsellors, which compliance shall be determined by said board before examination.  Upon such certificate, if the supreme court shall find that such person is of full age and good moral character, and otherwise qualified, it shall enter an order licensing and admitting him to practice as attorney and counsellor in all the courts of the state, which license if procured by fraud, may be revoked at any time within two years."

We think the proper construction of the foregoing statute is that the supreme court shall issue the license and admit the applicant to practice as attorney and counsellor in all of the courts of this State, if the certificate from the State Board of Law Examiners

shows that the applicant is of full age and good moral character, and otherwise qualified. What is meant is that the court must determine these questions "upon such certificate"; that is, the certificate of the State Board of Law Examiners.

It is admitted in the petition, and not disputed in the proof, that the respondent has attended law school, stood the examination prescribed by the State Board of Examiners, and has complied in all respects with the rules and regulations controlling such matters. That board has certified to this court that respondent is a man of good moral character and entitled to receive a license from this court to practice law. Ordinarily this certificate would be indisputable and would entitle the applicant to receive his license, but because the petitioners may have been misled by a previous order made herein, it is adjudged that this petition and answer of the respondent be referred to the State Board of Law Examiners for such report as they may see proper to make in the premises.