## In re Bowers.

### (*Nashville.* December Term, 1917.)

1. **ATTORNEY AND CLIENT. Admission to practice. Character.**
A man of mature years and of good general reputation, who, as found by the State board of law examiners, has failed to conceive the nature of the duties of an attorney, and has proper conception of the ethics of the profession, having solicited business for a member of the bar, and, on being remonstrated with by other lawyers, devised a form of power of attorney whereby the prospective litigant employed him as attorney in fact and agreed to pay fifty per cent. of whatever amount should be realized, should not be admitted to practice law. (*Post, pp.* 665-668.)

Acts cited and construed: Acts 1903, ch. 247.

Cases cited and approved: In re Bowers, 137 Tenn., 189; Ingersoll v. Coal Co., 117 Tenn., 263.

2. **ATTORNEY AND CLIENT. Admission to practice. Board of examiners. Review.**
Under Acts 1903, chapter 247, sections 2 and 3 creating the board of law examiners and defining its duties, when the board of examiners refuses to make a certificate to an applicant, or certifies that he is an unfit person to be admitted to practice, that ends the matter, in the absence of allegation and proof of fraud, corruption, or oppression on the part of the board, and the supreme court cannot revise its action. (*Post, pp.* 668, 669.)

FROM ————.

Petition by the Nashville Bar & Library Association to prevent a license to practice law being issued to F. E. Bowers.

THOS. H. MALONE, for plaintiff.

THOS. M. ANDREWS and B. A. BUTLER, for Bowers.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This case was before the court at the last term, and the action of the court upon the matter is shown in the case of In re Bowers, 137 Tenn., 189, 194 S. W., 1093. The matters in controversy were referred to the state board of law examiners for their report. That board has filed a report in which it goes into the matter at great length, and concludes that Mr. Bowers is not such a man as should be licensed to practice law. Exceptions have been filed to the report. These exceptions are in form assignments of error to the action of the state board, and this court is invited to consider the evidence which that board examined and revise its findings of fact. Other exceptions present the question that the board erred as a matter of law upon certain matters not necessary to be set out in the view that we take of the case.

A brief summary of the case is that Mr. Bowers appeared before the state board of law examiners and made application to be admitted to the practice of law in this State and took the examination prescribed by the board. The board graded his papers produced upon the examination, and had before it a certificate of the county court of Davidson county certifying that Mr. Bowers is a man of good

moral character, and upon this showing the board certified to this court that he should be licensed to practice law. This court signed, but did not deliver, his license. Before a delivery was made the Nashville Law & Library Association, a corporation, filed a petition in this court in which it was alleged that Mr. Bowers disregarded the ethics of the legal profession, and had so disregarded it before he was licensed to practice law, in that he solicited business for a member of the bar at this place, and later, upon being remonstrated with by certain other members of the bar, he devised a form of power of attorney by the terms of which the prosecutive litigant employed Bowers as attorney in fact and agreed to pay fifty per cent of whatever amount should be realized from the proposed litigation to Bowers as compensation for his services. This amount seems to have been fixed regardless of whether the case was compromised or litigated to final judgment. Objection was made to his being admitted to practice, and the court was asked to refer the matter to its clerk. The petition was answered, and reference was had to the clerk of this court, but upon exceptions to the report raising the question, and after further consideration, the court was of opinion that the jurisdiction invoked by the petition of the library association was original, and thereupon the matter was referred to the state board of law examiners. *In re Bowers,* 137 Tenn., 189, 194 S. W., 1093.

This board is composed of Hons. W. G. M. Thomas, F. T. Fancher, and James L. McRee, three of the leading attorneys of this State, who were appointed by the court because of their known intelligence, learning, and probity. The report referred to goes into the evidence very extensively, and shows that Mr. Bowers, although a man of mature years at the time when he "made up his mind to become a student of the law and an attorney at law," did not "know anything about the ethics of the legal profession," and thought it was "a wide-open business like selling cigars, and if he could get work to do, it was up to him to do it." The report further says that he denies that he entered into a partnership arrangement with an attorney to solicit personal injury and other legal business and to share the fees. About this time his attention was called to the case of *Ingersoll* v. *Coal Co.*, 117 Tenn., 263, 98 S. W., 178, 9 L. R. A. (N. S.), 282, 119 Am. St. Rep., 1003, 10 Ann. Cas., 829, and he says that after reading this decision, he doubted his right to recover in cases which he had solicited, and abandoned the practice of having prospective litigants employ him, and devised the power of attorney above referred to.

The board reports that the evidence shows that Mr. Bowers is a man of good general reputation, but it is of opinion, after an examination of the testimony, that he has failed to conceive the nature of the duties of an attorney, and has no proper conception of the ethics of the profession; and for these reasons the

board is of opinion, and so certifies to this court, that he should not be admitted to practice law.

We concur with the board in its statement that the ideals of the legal profession must be kept to the highest mark, and that its members must have a proper conception of the ethics of the profession and must be required to live up to these standards. The reasons for this requirement have been stated in many cases in this court and the canons of legal ethics have been formulated by the practitioners themselves. There is something more than mere sentiment in professional ethics, as there is something more than a proper administration of the law. One who fails to live up to the ethics of his profession is likely to break down morally when great pressure is placed upon him. He may have a high standing in his community in all other respects, but failure to live up to the ethics of his profession indicates a latent defect of character.

In addition, lawyers have been aptly termed the "unbonded agents of society." Matters of the greatest business import are intrusted to them with no security except their honor. It speaks well for the profession that so few have fallen short of expectations and have failed to respond to the last farthing for all matters intrusted to them. A consideration of the nature of the profession and the relationship between attorney and client forbids irresponsible men being turned loose upon society, or intrusted with this high office and the special learning which it im-

plies.   Society at large would pay an unspeakable penalty if such were the case.   The courts have ever maintained the highest standards for the legal profession, and we cannot lower them.

The foregoing general observations are in substance submitted to the court by the state board of law examiners by their report in this case.   We heartily and cordially concur in them as all members of this court have done heretofore.   But in addition it is our duty to consider and construe chapter 247, Acts 1903, creating the board of law examiners and defining its duties.

Section 1 provides:

"That any person applying to be admitted as an attorney or counselor in the courts of this State may be licensed to practice law only as herein prescribed."

There has been no other legislative enactment upon this subject since the passage of the law under consideration.   From it it will be perceived that there is no other way for one to be admitted to the practice of the law than the way set forth by the legislature in the act.   Section 2 of the act creates the state board of law examiners.   Section 3 directs the board to sit at Knoxville, Nashville, Jackson, and Lebanon, and at such other places and times as the supreme court may direct.   In these sittings there is to be an examination of persons applying for license to practice as attorneys and counselors of law in this State. The supreme court is required to prescribe rules providing for a uniform system of examinations for the

government of the board of law examiners. In section 5 the board of law examiners is required to "certify to the supreme court the names of all applicants who shall have passed the required examination; provided such person shall in other respects comply with the rules regulating the admission to practice as attorneys and counselors, which compliance shall be determined by said board before examination. Upon such certificate, if the supreme court shall find that such person is of full age and good moral character, and otherwise qualified, it shall enter an order licensing and admitting him to practice as attorney and counselor in all the courts of the State, which license, if procured by fraud, may be revoked at any time within two years."

We held in the first disposition of this case that this court would act only upon the certificate of the state board of law examiners. *In re Bowers,* supra. The question for determination now is whether upon exceptions to the board's report, this court will go into evidence and determine for itself contrary to the recommendation of the board that the applicant should be admitted to the practice. It seems to us that the mere statement of the proposition is its own answer. This court cannot grade papers or otherwise hold the examinations required of the state board of law examiners nor can it revise the action of the board in these matters. The certificate of the board is the only thing which the legislature intended that we should consider, and when the

In re Bowers.

board refuses to make a certificate, or, as in this case, certifies that the applicant is an unfit person to be admitted to the practice, that ends the matter in the absence of an allegation and proof of fraud, corruption, or oppression upon the part of the board. We held in the former case that this court has no jurisdiction to entertain originally a petition to revise the judgment of the board. We hold now that, where the matters complained of are mere considerations of judgment or opinion upon the part of the board, this court will not and cannot undertake to revise its action. We think this is the proper construction of the act referred to. In addition, if we should hold that we are authorized to revise the judgment of the board in mere matters of opinion, the serious business for which the court was organized would be largely displaced by the complaints of disappointed applicants. It is improbable that the legislature has power to require us to held examinations for applicants to practice law, but, of course, we do not decide this question as it is not before us.

We are content with the report of the board of law examiners, and the exceptions are overruled.