STATE *ex rel.* CLEMENT *v.* DODSON.

(*Jackson,* April Term, 1935.)

Opinion filed June 1, 1935.

Joseph Higgins, of Nashville, and John F. Hall, of Jackson, for appellee.

Mr. Justice McKinney delivered the opinion of the Court.

This is a *mandamus* proceeding involving the possession of the office of superintendent of public instruction in Benton county. Clement was elected to the office by the voters at the August, 1934, election, duly qualified, and was inducted into office.

Dodson, the hold-over, refused to surrender the office, books, papers, etc., upon the theory that Clements was not eligible to occupy the office, for the reason that he did not possess the qualifications prescribed by chapter 525, Priv. Acts 1929, which applies solely to Benton county.

The General Educational Law, chapter 115, Pub. Acts 1925, designates the qualifications of a county superintendent, and vests the exclusive authority in the state board of education to examine the applicant and issue to him a certificate if they find that he is qualified. The act confers no authority upon the courts to review their action in the premises, and, unless the board acts arbitrarily, corruptly, or fraudulently, the courts are powerless to review their decisions. This is necessarily so with respect to all licensing boards of this character where the power to review is not conferred upon the courts.

■■ In *O. P. Dobson* v. *J. J. Holland*, Benton Equity, decided at Jackson on May 31, 1930, this court held that the acts of 1925 and 1929 are to be construed *in pari materia*. In the absence of an affirmative allegation in the certificate that the act of 1929 was not observed by the board when the certificate was renewed in 1933, it will be conclusively presumed that the board performed their duty in this respect. The certificate cannot be collaterally attacked by proof that it was erroneously issued. The only recourse in this situation would be an application to the board to revoke the certificate.

In 56 C. J., 377, it is said:

"A teacher's certificate is *prima facie* evidence of the teacher's qualifications, and of the fact that the board or committee issuing such certificate have properly performed their duty as to the manner and requisities of their issuing it, and in the absence of fraud cannot be collaterally impeached, as for example, in a suit by a teacher to recover his wages after being dismissed, or after destruction of the school by fire and failure of the board to provide other quarters, or in a suit between contestants to try title to the office of state superintendent of public instruction, or county superintendent of schools."

This principle was approved by this court in *In re Bowers*, 137 Tenn., 189, 194 S. W., 1093, where it was held that the certificate as to qualifications for practicing law, issued to the applicant by the state board of law examiners, was conclusive.

In the cause under consideration, the chancellor recognized the binding effect of the certificate issued to relator, and decreed the relief sought by his bill. His decree is affirmed.