MORROW *v.* STATE.

*(Nashville,* December Term, 1937.)

Opinion filed March 5, 1938.

HAILE & COX, of Cookeville, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Plaintiff in error, Garrison Morrow, was found guilty of voluntary manslaughter for the killing of Everett Johnson, and his punishment fixed at ten years' imprisonment in the state penitentiary. Upon a motion for a new trial being overruled, plaintiff in error appealed to this court and assigned errors. Pending this appeal, plaintiff in error filed a petition in this court seeking a new trial upon the basis of evidence he avers was discovered after his appeal was perfected. In support of the petition, original evidence by affidavits which was not presented to the trial judge is pressed upon this court. The state has moved to strike the petition upon the ground of want of jurisdiction in this court to entertain it.

The jurisdictoin of this court is appellate only. Section 2, article 6, of the Constitution of Tennessee provides, in part:

"The jurisdiction of this Court shall be appellate only, under such restrictions and regulations as may, from time to time, be prescribed by law; but it may possess such other jurisdiction as is now conferred by law on the present Supreme Court."

In *State, for Use, etc.,* v. *Gannaway,* 84 Tenn. (16 Lea), 124, 129, it was said:

"This clause is taken *verbatim* from the same article and section of the Constitution of 1834, and which has been uniformly held to deprive this court of all original jurisdiction, and that the Legislature has no power to confer such jurisdiction upon it: *Miller* v. *Conlee,* 37 Tenn. (5 Sneed), [432] 434; *State* v. *Bank,* 37 Tenn. (5 Sneed), 573; *Ward* v. *Thomas,* 42 Tenn. (2 Cold.), 565. But it may, independent of any statute, issue original process in aid of its appellate jurisdiction: [*King* v.

*Hampton*], 4 Tenn. (3 Hayw.) 59; [*State* v. *Hall*], 43 Tenn. (3 Cold.), 255.''

In *State, for Use, etc.,* v. *Gannaway,* the court had under review the validity of chapter 27, Acts 1885, authorizing this court to dispauperize an appellant if it was made to appear to the court at any time before the hearing ''by the testimony of disinterested persons'' that the allegations of poverty was probably untrue. The court said:

''The section of the act in question which requires this court to try an issue *in pais,* made for the first time in this court, upon original depositions taken at will by the parties, and filed as evidence in this court, and which proceedings constitute no part of the record of the court below is, as we think, under the authority of the above cited cases, too clearly a requirement of the exercise of original jurisdiction to admit of further discussion.''

In *Re Bowers,* 137 Tenn., 189, 190, 194 S. W., 1093, it was held that a statute conferring on this court power to determine the right of an applicant to be admitted to the practice of law will be construed to require the court to act only on the certificate of the State Board of Law Examiners, since to give it jurisdiction to act independently would be to confer original jurisdiction on the court, contrary to the Constitution.

Plaintiff in error is here seeking a new trial at the hands of this court, upon the original evidence attached to the petition, or, in the alternative, that this court remand the case to the criminal court of Putnam county with direction to the judge of that court to entertain a motion for a new trial upon the alleged after discovered evidence. The relief prayed for is beyond the jurisdiction of this court. This court can neither grant the

new trial because of the after-discovered evidence, nor direct the trial judge to entertain a motion for a new trial based upon such evidence. Whatever may be the constitutional jurisdiction elsewhere, it is clear that under our Constitution this court cannot exercise any original jurisdiction whatever. The motion of the state to strike the petition must be sustained. An opinion dealing with the merits of the case is separately filed.