E. M. FOSTER *et al. v.* A. H . ROBERTS *et al.*

(*Nashville.* December Term, 1919.)

1. **TAXATION.** Constitution inhibiting tax exemption of "property" not violated by exempting state bonds.

Constitution article 2, section 28, declaring that all "property" shall be taxed, with an exception allowing exemption, among other things, of property held by the State or a subdivision, and used exclusively for public purposes, is not contravened by Pub. Acts 1919, chapter 114, declaring that bonds thereafter issued by the State shall not be taxed by the State or any of its subdivisions, and that they shall so state; the statute being referable to the State's inherent power to make contracts referable to its credit, separate and distinct from that of taxation, and the State's bonds not being property within the Constitution. (Post, p. —.)

Acts cited and construed: Acts 1919, chs. 114, 122.

Cases cited and approved: Keith v. Funding Board, 127 Tenn., 441; People v. Draper, 15 N. Y., 532-543; Thorpe v. Rutland & Burlington R. R. Co., 27 Vt., 140; Redistricting Cases, 111 Tenn., 234; Prescott v. Duncan, 126 Tenn., 106; Jackson v. Nimmo, 71 Tenn., 597; Bank v. Memphis, 116 Tenn., 641; Augusta v. Dunbar, 50 Ga., 387; Miller v. Wilson, 60 Ga., 505; Macon v. Jones, 67 Ga., 489; Penick v. Foster, 129 Ga., 217; State ex rel. Da Ponte v. Board of Assessors, 35 La. Ann., 651; State ex rel. La. Improvement Co. v. Board of Assessors, 111 La. Ann., 982; Pullen v. Corporation Commissioners, 152 N. C., 548; Mercantile Bank v. New York, 121 U. S., 138; McCulloch v. Maryland, 4 Wheat., 316; Weston v. Charleston, 2 Pet., 449; New York ex rel. v. Com'rs. of Taxes, 2 Black, 620; Home Ins. Co. v. N. Y., 134 U. S., 598; Nashville v. Smith, 86 Tenn., 213; Van Brocklin v. Anderson, 117 U. S., 151; Worcester v. Worcester, 116 Mass., 193; Trustees of Public Schools v. Taylor, 30 N. J. Eq., 618; People v. Doe G. 1034, 36 Cal., 221; Re First State Bank of Okla. City, 171 Pac., 864.

Foster v. Roberts.

Constitution cited and construed:   Art. 2, sec. 28;   Art. 10, sec. 6; Art. 5, sec. 50.

Case cited and distinguished:   Re Assessment of First National Bank of Chickasha, 58 Okla., 508.

2. **COURTS.** Doctrine of stare decisis not controlling.

Erroneous decision as to effect of provision of Constitution is not to be followed under rule of *stare decisis*, where neither property rights have become vested under it nor acquiescence in it has had the effect of establishing rules of conduct.   (Post, p. —.)

Cases cited and approved:   State ex rel. v. Nashville Baseball Club, 127 Tenn., 292;   Arnold v. Knoxville, 115 Tenn., 195;   Postal Telegraph Co. v. Farmville & P. R. Co., 96 Va. 661;   State v. Lewis, 69 Ohio St., 202;   Young v. Downey, 150 Mo., 317;   Burks v. Hinton, 77 Va., 1;   Montgomery County Fiscal Ct. v. Trimble, 104 Ky., 629; Pratt v. Brown, 3 Wis., 603.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —Hon. Jos. B. Newman, Judge.

J. H. Acklen, for appellants.

F M. Thompson, Attorney-General, and E. J. Smith, for appellees.

Mr. Justice Bachman delivered the opinion of the Court.

The power of the Legislature to authorize the issuance of nontaxable bonds of the State is again brought in question by this proceeding, wherein the complainants, as citizens and taxpayers, seek to restrain the funding board of the State from offering for sale or disposing of the

Victory Bonds authorized by the provisions of chapter 122 of the Public Acts of 1919, as tax-free securities authorized by the provisions of chapter 114 of the Public Acts of 1919. The latter act is as follows:

"Section 1. Be it enacted by the General Assembly of the State of Tennesssee. That whenever the State of Tennessee shall issue any bonds upon her faith and credit for any public purpose neither the principal nor the interest of said bonds shall be taxed by this State or by any county or municipality of this State, and that it shall be so stated on the face of said bonds when issued.

"Sec. 2. Be it further enacted, that in the event the courts of the State should hold that section 1 is invalid and that said bonds are taxable, such holding shall not affect the validity of any such bonds so issued.

"Sec. 3. Be it further enacted, that this act take effect from and after its passage, the public welfare requiring it."

It is insisted that this act of the Legislature is unconstitutional, in that it is an assumption of legislative authority creating an exemption which is repugnant to article 2, section 28, of the Constitution, and so declared by this court in passing upon a similar statute involved in the case of *Keith* v. *Funding Board,* 127 Tenn., 441, 155 S. W., 142, Ann. Cas., 1914B, 1145. Upon the authority of the case mentioned the learned chancellor adjudged the act unconstitutional, expressing the opinion that if the question presented was one of first impression in the State he would be constrained to hold that the constitutional mandate relied upon was not intended as a limitation on the right of the State to exercise

its sovereign function of contracting with reference to its credit, but was designed "to prevent the evil of exemptions and discriminations between taxpayers of the State which otherwise could exist by statute and render unequal the burdens of government."

In view of the exhaustive research of all the authorities and the most able and comprehensive discussion of every phase of the question evinced by the opinions in *Keith* v. *Funding Board*, it is perceived that a renewal of discussion would result in the presentation of no new matter other, perhaps, than the citation of recent authorities from other jurisdictions wherein the question has been passed upon since the last declaration of this court.

By the opinions of the majority of the court it was declared that the determination of the power of the Legislature to exempt its governmental securities came within the purview of, and was mandatorily controlled by, article 2, section 28, of the Constitution, affecting taxation, while the minority members were of the view that the question was one of the exercise of the sovereign power of the State, and was independent of and determinable without reference to the provisions of the Constitution fixing the equality of the taxation of property and forbidding discrimination between taxpayers.

An examination of the case referred to clearly discloses that the correctness of the positions taken therein depends entirely upon whether the consideration of the question is undertaken as one of tax exemption of property forbidden by the Constitution, or whether it is to be viewed as an act of sovereignty. If the former

142 Tenn.—23

basis is the true one, and decision is to be predicated upon reasoning and authority applicable thereto, then it is at once apparent that the conclusions reached by the majority of the court are correct, for the force of the logical deductions therein is indisputable. If, however, the question is regarded as one involving the action of the State in its sovereign capacity, the dissenting opinions unquestionably present the correct view, and are supported by the entire number of those cases wherein the question has been directly or inferentially at issue. Not only by reason of the supreme importance of a correct adjudication of the issue here involved, but also because of the direct assault made upon the correctness of the former decision, we have, with the utmost care, reviewed in their entirety those decisions which in any wise affect the question, and from the consideration given we are of the opinion that the holding of the majority opinions in *Keith* v. *Funding Board,* must be overruled, and a decision made in the instant case in conformity with the reasoning found in the dissenting opinions therein. In so doing we are fully cognizant of the gravity of such course and the evils attendant upon any disturbance or impairment of settled judicial interpretations. However, so thoroughly are we convinced that the former adjudication proceeded upon interpretations of the Constitution widely divergent from those which we entertain to be correct, and so commanding is the importance of this exercise of sovereign power, that we feel it necessary to recede from the former position and place the decision of this question in line with the other authorities in this

country.  It is not our purpose to extensively reassert
the reasons advanced by the dissenting opinions in
*Keith* v. *Funding Board* in support of the power of the
Legislature to authorize tax-free bonds of the State.
The expositions there made, together with the citations
of authorities, are most exhaustive and conclusive, and
we are content to rest our decision here upon the cogent
considerations therein deduced.

The statement of certain fundamental propositions of
constitutional interpretation must render obvious the
correctness of the conclusions we have reached.   The
sovereignty of the State rests in its citizens, and the
expression of sovereign power is through representa-
tion by the Legislature.   The state Constitution is not
the source of legislative authority, but is the inclusive
embodiment of such prerogatives of sovereignty as may
be therein expressly or impliedly contained, together
with such limitations as were self-imposed and acquies-
ced in by the people in the adoption of its provisions.
As the representatives of the people the Legislature
has the power to pass such laws as are not directly
or impliedly in contravention of the mandates of the
Constitution.   Cooley, Cons. Lim. (7 th Ed.), 126;
*People* v. *Draper,* 15 N. Y., 532-543;   *Thorpe* v. *Rut-
land & Burlington R. R. Co.,* 27 Vt., 140-142, 62 Am.
Dec. 625;   *Redistricting Cases,* 111 Tenn., 234-246, 80
S. W. 750;   *Prescott* v. *Duncan,* 126 Tenn., 106-127, 148
S. W., 229;   *Jackson* v. *Nimmo,* 71 Tenn. (3 Lea), 597-
599.

That the inherent power of the State to make con-
tracts with reference to its credit is separate and dis-

tinct from the inherent power of taxation is, we think, not to be questioned. Both exist without direct constitutional authority, but further than that the latter is in aid of and maintains the former. They are wholly distinct attributes of sovereignty; the one a right optional with the State and those with whom it contracts; the other compulsory and a pecuniary burden upon the owner of property. Because of this distinction the wisdom of freedom from restraint of the one and the necessity for limitation upon the other is clearly manifest. Save in two particulars not pertinent to this question further than recognizing the right of the State to contract its credit, our Constitution contains no limitation upon this vital power. Empowered as it unquestionably is, it is difficult to see upon what ground it is possible to maintain the impotency of the State to incorporate in its securities the provisions here sought to be held invalid, and, with the exception of the decision of *Keith* v. *Funding Board,* our examination of the authorities discloses no adjudication in conflict with the view we entertain.

While the power of the State to tax its own obligations and property may be admitted, it is nowhere to be found that the right has been sustained in opposition to a legislative direction to the contrary. In those cases wherein it is correctly held that the bonds of a State are not impliedly exempt from taxation. (*Bank* v. *Memphis,* 116 Tenn., 641, 94 S. W., 606, and supporting cases cited therein), it is to be noted that the contractual *status* of the State and the holders of its bonds had been established prior to any claim of exemption.

These cases can have no application to the right of the State to stipulate in advance the terms upon which it agrees to contract its faith and credit.

Further, we are of the opinion that the bonds of the State do not constitute property within the meaning of that term, as used in the taxation clause of the Constitution but that they are to be regarded as evidences of a debt for money secured for and devoted to the public use, and as such are to be considered instrumentalities of government upon which it cannot be contended that the Legislature is mandatorily required to impose a tax, or which, because of the language of the Constitution, cannot be exempted from taxation. *Augusta* v. *Dunbar,* 50 Ga., 387; *Miller* v. *Wilson,* 60 Ga., 505; *Macon* v. *Jones,* 67 Ga., 489; *Penick* v. *Foster,* 129 Ga., 217, 58 S. E., 773, 12 L. R. A. (N. S.), 1159, 12 Ann. Cas., 346; *State ex rel. Da Ponte* v. *Board of Assessors,* 35 La. Ann., 651; *State ex rel. La. Improvement Co.* v. *Board of Assessors,* 111 La. Ann., 982, 36 South., 91; *Pullen* v. *Corporation Commissioners,* 152 N. C., 548, 68 S. E., 155; *Mercantile Bank* v. *New York,* 121 U. S., 138-162, 7 Sup. Ct., 826, 30 L. Ed., 904; *McCulloch* v. *Maryland,* 4 Wheat., 316, 4 L. Ed., 579; *Weston* v. *Charleston,* 2 Pet., 449, 7 L. Ed., 481; *New York ex rel.* v. *Com'rs of Taxes,* 2 Black, 620, 17 L. Ed., 451; *Home Ins. Co.* v. *N. Y.,* 134 U. S., 598, 10 Sup. Ct., 593, 33 L. Ed., 1029.

Manifestly, the purpose of article 2, section 28, of the Constitution was to promote the uniformity of taxation and to prevent discrimination between taxpayers. The State is not to be included in this class, for unless

there exist a clear divestiture of its right, it is, as the sovereign, not subject to the payment of taxes, but is the recipient thereof. A tax upon its bonds must ultimately be borne by the State itself, and we do not believe that the framers of the Constitution, proclaimed by their work to be thoroughly versed in the law of political economy, ever intended the anomaly of the imposition of taxes upon the State. *Nashville* v. *Smith,* 86 Tenn., 213, 6 S. W., 273; *Van Brocklin* v. *Anderson,* 117 U. S., 151-175, 6 Sup. Ct., 670, 29 L. Ed., 852; *Worcester* v. *Worcester* 116 Mass., 193, 17 Am. Rep., 159; *Trustees of Public Schools* v. *Taylor,* 30 N. J. Eq., 618; *People* v. *Doe G.,* 1034, 36 Cal., 221, 222.

Since the decision of *Keith* v. *Funding Board* the right of a State to issue its taxfree bonds has been brought in question in but two reported cases, so far as we are advised or our investigation discloses, both of which uphold the power upon the principles above stated.

In the case of *Re Assessment of First National Bank. of Chickasha,* 58 Okl., 508, 520, 160 Pac., 469, 473, L. R. A., 1917B, 294, 300, in passing upon the question here involved, the court said:

"While it is true the obligations of the State, in the form of its bonds, are not specifically named in the Constitution as exempt from taxation, we do not believe that the framers of the Constitution, fully cognizant of the many necessities of the State upon its admission into the Union, intended, by denying to the Legislature the power to discriminate between taxpayers, to thereby curtail its power to provide in the

most efficient way possible, and in such method as its judgment and patriotism might suggest, for the preservation of the credit and good faith of the people of the State. Fairly construed, the Constitution, denying the Legislature the right to exempt property from taxation, reflects the wisdom of the times. By this limitation an effectual curb was placed upon ' abuses that had crept into the legislation of many of the sister States. Favoritism, involving exemption from taxation, was thereby made impossible, or at least unenforceable, save in the limited and exceptional instances provided for in section 6, art. 10, of the Constitution. By the provision against exemption from taxation, it was not intended to deny to the State an exercise of sovereignty so necessary and essential to the due and orderly administration of its affairs. It was not intended thereby to deny to the State the power to go upon the open money markets of the world and compete for money upon equal terms with other sovereign States; or to deny to the State the power to provide a security of equal attractiveness to its own citizens, with that of other State governments of no better credit. Neither was it the purpose to place the State in the ungenerous attitude of asking the public to advance money upon its securities, which it was thereafter bound to render unprofitable by enforced taxation. Thus interpreted, the State building bonds, constituting as they do obligations of the State for the payment of money, and being an exercise of the borrowing power, and a use of the State's credit, do not constitute property within the meaning of section 50, article 5, of the Constitution; and hence the statutes

exempting such bonds from taxation do not contravene the constitutional limitation against exemption from tax· ation. Our conclusions we believe to be supported both by sound principle and the weight of authority.''

The above holding is reaffirmed in the later case of *Re First State Bank of Okla. City,* 171 Pac., 864.

In announcing cur conclusions, we are not unmindful of the doctrine of *stare decisis,* urged upon us by counsel for the appellees. The importance and necessity of this salutary rule cannot be minimized where there exists a reason for its application, but where, convinced of an erroneous decision under which no property rights have become vested, nor in which acquiescence has had the effect of establishing rules of conduct the reason of the doctrine ceases to exist, and it is our duty to declare a correct interpretation rather than to remain bound by the apprehension of resultant evils which have no foundation in face. *State ex rel.* v. *Nashville Baseball Club,* 127 Tenn., 292-308, 154 S. W., 1151, Ann. Cas., 1914B, 1243; *Arnold* v. *Knoxville,* 115 Tenn.,195-202, 90 S. W., 469, 3 L. R. A. (N. S.), 837, 5 Ann. Cas., 881; *Postal Telegraph Co.* v. *Farmville & P. R. Co.,* 96 Va., 661, 32 S. E., 468; *State* v. *Lewis,* 69 Ohio St., 202, 69 N. E., 132; *Young* v. *Downey,* 150 Mo., 317, 51 S. W., 751; *Burks* v. *Hinton,* 77 Va., 1; *Montgomery County Fiscal Ct.* v. *Trimble,* 104 Ky., 629, 47 S. W., 773, 42 L. R. A., 738; *Pratt* v. *Brown,* 3 Wis., 603.

The decree of the chancellor is reversed and the bill of complainants dismissed.