CUMBERLAND UNIVERSITY *v.* GEORGE S. GOLLADAY.*

(*Nashville.*   December Term, 1924.)

1. **TAXATION.** Legislature cannot surrender to eleemosynary corporations sovereign power to exempt from taxation government bonds.

Legislature cannot surrender to eleemosynary corporations sovereign power of state to exempt from taxation government bonds. (*Post,* pp. 85, 86.)

Acts cited and construed: Acts 1925, ch. 77.

Cases cited and approved: Foster v. Roberts, 142 Tenn., 350; Keith v. Funding Board, 127 Tenn., 441.

Constitutions cited and construed: Const., art. 11, secs. 8, 12; art. 2, sec. 28.

2. **TAXATION.** Legislature is without power to grant tax exemptions to individual or institutions contrary to Constitution.

Legislature is without power to grant tax exemptions to individual or institutions contrary to Constitution. (*Post, p.* 86.)

Case cited and approved: Memphis v. Bank, 91 Tenn., 588.

3. **STATUTES.** Legislature is without power to suspend general law for benefit of particular individual, or to pass law for benefit of individuals inconsistent with general law.

Legislature is without power to suspend general law for benefit of particular individual, or to pass law for benefit of individuals inconsistent with general law, in view of Constitution article 11, section 8. (*Post, p.* 86.)

4. **TAXATION.** Bonds of educational institutions held not subject to exemption from tax within Constitution.

Bonds of educational institutions, within Acts 1925, chapter 77, section 1, attempting to exempt such bonds from tax, *held* not subject

---

*On constitutional enumeration of subjects of tax exemptions as affecting power of legislature to free government securities or property from taxation, see note in 9 A. L. R., 436.

Cumberland University v. Golladay.

to tax exemption, within Constitution, article 2, section 28, after their sale, despite article 11, section 12, in view of article 11, section 8. (*Post, pp.* 86, 87.)
GREEN, C. J., dissenting.

*Headnotes 1. Taxation, 37 Cyc., p. 886 (Anno); 2. Taxation, 37 Cyc., p. 887; 3. Statutes, 36 Cyc., pp. 989, 994; 4. Taxation, 37 Cyc. p. 897.

## FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —HON. JAMES B. NEWMAN, Chancellor.

SETH M. WALKER and W. R. CHAMBERS, for complainant.

GEORGE S. GOLLADAY, *pro se.*

FRANK M. THOMPSON, Attorney-General, for Cumberland University.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed to determine the validity of chapter 77, Acts of 1925, which provides:

"Section 1. That whenever any institution of learning incorporated for general welfare under the laws of Tennessee and not having a capital stock shall issue any bonds upon the faith and credit of such institution, neither the principal nor interest of said bonds shall be taxed by the State or by any county or municipality in this State.

"Sec. 2. . . . That in the event the courts of the State shall hold section 1 of this act to be invalid and

that said bonds are taxable, such holding shall not affect the validity of any bond so issued.''

It is insisted that the purpose declared in article 11, section 12, of the Constitution, to foster and cherish educational institutions, coupled with a provision of article 2, section 28, which authorizes the exemption of literary institutions from taxation, brings the bonds of such institutions within the class of tax-exempt property.

It is further insisted that the benefit conferred upon the public, and the burden which these institutions lift from the State in the common purpose to advance culture, place bonds issued by them to promote the objects for which they are created in the class of State and municipal bonds, which may be exempted from taxation under authority of *Foster* v. *Roberts,* 142 Tenn., 350, 219 S. W., 729, 9 A. L. R., 431.

The conclusion of *Foster* v. *Roberts* rests upon the idea that the constitutional inhibition against exemption from taxation was designed to prevent the evil attendant upon discriminatory statutes, imposing unequal burdens upon the unfavored class, and was not intended to control the State with reference to its own credits as a means of floating its obligation at lower rates of interest. In overruling *Keith* v. *Funding Board,* 127 Tenn., 441, 155 S. W., 142, Ann. Cas., 1914B, 1145, the court held that the legislature, in the exercise of the inherent sovereign power, could contract that bonds issued by the State should be free from the burden of taxation.

If such institutions are arms and agencies of the State, their bonds would be exempt from taxation under the foregoing case. If the legislature, by incorporating such institutions and exempting their bonds from taxation,

exercised a sovereign power independent of the Constitution, the act is valid.

These institutions are incorporated under general laws, and function independently of the government. They are not arms or agencies of the State, and are not in a legal sense instrumentalities of government. They are social agencies, pursuing a purpose in common with others of kindred character, for the promotion of. culture. They may accept great endowments, acquire and own property of every character, all of which is exempt from taxation. Their real estate may be leased in competition with that of others, and devoted to secular uses by their tenants, and incomes from it,' as well as the *corpus,* are free from taxation. They may mortgage their real estate as security for bonds, and float the bonds upon the markets, through which they may pass as personal property from individual to individual.

The question is whether such bonds may be declared tax free after passing from the tax-exempt institution. Exemption of the bonds under this act is not exemption of the property of educational institutions from taxation, but an exemption of the property of the individual who may acquire the bonds. Such bonds are not issued by the State, or one of its arms or agencies; hence do not fall within the rule of *Foster* v. *Roberts.* Recognition of the power of the State to contract, with respect to its own securities, that they shall not be burdened with taxes, presupposes no inherent power in the legislature to exempt from taxation bonds other than those of the government. The legislature cannot surrender this power, which belongs to the sovereign, to eleemosynary corporations.

Article 11, section 8, provides that the legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws.

Article 2, section 28, of the Constitution, provides that all property, whether personal or mixed, shall be taxed, except the legislature may exempt property held and used for purposes purely religious, charitable, scientific, literary, or educational.

The legislature is without power to grant tax exemptions to individuals or institutions contrary to the express mandate of the constitution. The requirement of the constitution is imperative that all property except that mentioned shall be taxed. *Memphis* v. *Bank,* 91 Tenn., 588, 19 S. W., 1045.

The mandate is equally imperative that the legislature shall not suspend a general law for the benefit of a particular individual, or pass a law for the benefit of individuals inconsistent with general law.

The legislature may exempt property of religious and educational institutions. In the enactment of the assessment and revenue act, such exemptions are uniformly made, but we find no power express or implied to authorize the exemption of property other than that specifically referred to in article 2, section 28, which includes that of educational institutions. Bonds, when issued and sold by a literary institution, after passing into the hands of an individual, are beyond the tax-exempt class of properties enumerated in article 2, section 28.

The chancellor was of opinion that the bonds of educational institutions might be exempted from taxation

upon the idea that they fall within the rule of *Foster* v. *Roberts,* supra.

In this conclusion we are unable to concur.

Reversed.

GREEN, C. J., dissented from the holding of the majority.