MRS. MAYBELLE BENTLEY, by Next Friend, v. HAIMAN'S READY-TO-WEAR.

Middle Section. November 7, 1925.

No petition for Certiorari was filed.

1. **Infant. Contracts. Infant cannot avoid contract which is to his benefit as for necessaries.**
   Where infant bought dress and wore it nine months, held contract was not of such uncertain nature as to benefit or prejudice that she would have the right to avoid her contract.

2. **Infant. Contract. Infant cannot have benefit of contract without returning equivalent on other side.**
   Where infant bought velvet dress for $24.75 and paid $19.00 down and wore the same for nine months, held she could not return the dress at that late date and recover money paid on the purchase price.

Appeal in Error from Circuit Court, Davidson County; Hon. A. G. Rutherford, Judge.

Affirmed.

R. C. Boyce, of Nashville, for plaintiff in error.

W. E. Steger, of Nashville, for defendant in error.

DeWITT, J. The plaintiff in error, Mrs. Maybelle Bentley, was something less than nineteen years of age in October, 1923, when she purchased a black velvet dress from defendant in error on weekly installments at an agreed price of $24.75. She paid $19 on the account for this dress, she wore the dress for the period of about nine months, when she was sued before a Justice of the Peace for the balance of $5.75. She pleaded infancy and the plaintiff took a non-suit. She then instituted this suit against defendant in error to recover the $19 paid and she tendered back to defendant in error the black velvet dress which she had thus bought and had worn for nine months. Mrs. Bentley has been married several years and has two children. Her husband was separated from her and had failed and refused to provide for his wife and children. She worked in the Hartford Mills, collected her earnings, and spent them as she saw fit. Her father did not contribute any regular amount for her support but from time to time helped her and bought things for her and her children. The plaintiff in error insists that the dress was not necessary as she had two or three other dresses. She purchased these other dresses within three or four months from the time of her purchase of this black velvet dress. The manager of defendant in error testifies that this dress was a working girl's dress for Sunday

occasions, was of a type that was generally sold to such people and suitable to their station in life; that the price of $24.75 was a reasonable price for the dress in installment houses; that he investigated the girl at Hartford Mills, found out that she was working there but that he didn't know what clothes she had at home. There is no evidence to the contrary.

The circuit judge dismissed the suit and the plaintiff assigns as error that there is no material evidence to support the finding and the judgment of the circuit judge. Counsel for plaintiff in error relies upon the rule in Wheaton v. East, 5 Yerg., 61, as follows:

"When the court can pronounce the contract to be to the infant's prejudice, it is void. But when it is to his benefit, as for necessaries, it is good. And when the contract is of an uncertain nature as to benefit or prejudice it is voidable only at the election of the infant."

We certainly cannot pronounce this contract to be to the prejudice of the plaintiff in error. Of course, an infant is liable for necessaries. Roberts v. Vaughn, 142 Tenn., 356. Articles required for bodily comfort and use are within the most important kinds of necessaries. The two or three other dresses which the plaintiff in error had when she purchased this black velvet dress in October, 1923, must have been purchased about the beginning of the preceding summer and it is reasonable to infer that they were suitable only for wear during the very warm season and were not suitable for wear from the time of the purchase of the dress in question. The very fact that she wore the dress for nine months shows that it was quite useful for her needs and purposes. We certainly, therefore, cannot hold that this contract was to her prejudice, nor can we say that it was of such uncertain nature as to benefit or prejudice that she would have the right to avoid it.

In Matherson v. Davis, 2 Cold., 453, it was aptly said that the privilege of infancy is to be used as a shield and not a sword; that an infant cannot have the benefit of the contract on one side without returning the equivalent on the other. In that case an infant undertook to avoid an executed contract when he became of age, and it was held that he must restore the consideration which he received. The plaintiff in error might have disaffirmed this contract immediately after it was made and tendered back the dress before it was used; but having worn the dress for nine months and paid this $19 for it, and not now being called on to pay the balance, she is seeking to use her infancy as a sword and not as a shield.

There is no error in the judgment of the circuit judge and it is affirmed.

Faw, P. J., and Crownover, J., concur.