LAMB *et al. v.* WHITAKER.

(*Jackson*, April Term, 1937.)

Opinion filed May 22, 1937.

486

W. B. LAMB, JR., J. W. HOLMAN, LAWSON H. MYERS, W. T. McCOWN, JR., and ROBT. W. STEVENS, all of Fayetteville, for complainants.

W. N. WHITAKER, *pro se.*

MR. JUSTICE McKINNEY delivered the opinion of the Court.

By the bill complainants, who are licensed attorneys of the Fayetteville Bar, as individuals and as representatives of the Fayetteville Bar Association, by express authorization, filed the bill herein for the purpose of enjoining the defendant from practicing law, as defined in chapter 30, Public Acts of 1935; it being alleged that he is so engaged without having procured a license as required by law.

The defendant demurred to the bill upon various grounds, which will be referred to later, but the chancellor overruled the demurrer and, exercising his discretion, permitted an appeal. Defendant has filed no formal assignments of error, but has filed a brief in which he states that he is relying upon the grounds set forth in his demurrer for a reversal and dismissal of the bill.

One of the grounds of the demurrer is that complainants are without authority to prosecute this suit. Section 9976 of the Code expressly vests them with such right.

Section 9970 of the Code prohibits the practice of law without a license, and chapter 30, Public Acts of 1935, defines the practice of law, and makes the practice thereof without a license a misdemeanor. Since the act provides for penalties, the defendant demurred to the bill upon the further ground that the chancery court is without jurisdiction to enjoin the violation of a penal statute. An exception to this general rule is authorized by statute in such a case as the one under consideration. We quote from the Code as follows:

9316. "The carrying on, conducting, or practice of any profession, business, or occupation which is prohibited by law, unless the person so engaging in such profession, business, or occupation is in the possession of

488

or holds a license issued by some board or other authority organized under the laws of the state, by any person not possessed of or holding the required license, is hereby declared to be a public nuisance, and the same may be abated under any procedure now provided by law for the abatement of any public nuisances, and such abatement may be accomplished by injunction.''

9317. ''The writ of injunction may be sued out by the board, or commissioner, charged with the supervision of the particular business or profession; or by any person affected by such nuisance.''

 It is next contended that the body of the 1935 act is broader than its caption, which is entitled: ''An Act to regulate and define the practice of law and the doing of law business.'' This is not a restrictive title in any sense of the word. The body of the act deals with but one subject, ''the practice of law,'' and that subject is adequately set forth in the title. Such subjects are to be construed liberally. *Palmer* v. *Express Co.*, 129 Tenn., 116, 165 S. W., 236; *State ex rel.* v. *Burrow*, 119 Tenn., 376, 104 S. W., 526, 14 Ann. Cas., 809; *McElwee* v. *McElwee*, 97 Tenn., 649, 37 S. W., 560; *Knoxville* v. *Lewis*, 80 Tenn. (12 Lea), 180, 181; *Cannon* v. *Mathes*, 55 Tenn. (8 Heisk.), 504, 505. The generality of the title is not objectionable, if not made a cover for legislation incongruous in itself. *State ex rel.* v. *Vanderbilt University*, 129 Tenn., 279, 164 S. W., 1151; *Condon* v. *Maloney*, 108 Tenn., 82, 65 S. W., 871; *State ex rel.* v. *Wilson*, 80 Tenn. (12 Lea), 246; *Cannon* v. *Mathes, supra.*

 It is further insisted that the act is broader than its caption, in that it provides penalties for its volation, a subject not expressed in the caption. Where the subject of a statute is sufficiently stated in the title, the man-

ner, modes, means, or instrumentalities of its enforcement, administration, or accomplishment may be embraced in its body, though not recited or stated in the title. *State* v. *Yardley*, 95 Tenn., 546, 32 S. W., 481, 34 L. R. A., 656; *State* v. *Brown*, 103 Tenn., 449, 53 S. W., 727; *Peterson* v. *State*, 104 Tenn., 127, 56 S. W., 834; *Memphis Street Ry. Co.* v. *State*, 110 Tenn., 598, 75 S. W., 730; *State ex rel.* v. *Persica*, 130 Tenn., 48, 168 S. W., 1056. The first-named case is very much in point.

It is also insisted that the act violates section 21, article 1, of the Constitution of the State, in that it seeks to deprive defendant of his property without just compensation therefor. The general rule is thus stated in 6 C. J., 569:

"The right to practice law is not a natural or constitutional right, but is a privilege or franchise subject to the control of the legislature, and limited to persons of good moral character with special qualifications ascertained and certified as prescribed by law."

The decisions of this court are in accord with the foregoing text. *In re Lawyers' Tax Cases*, 55 Tenn. (8 Heisk.), 565; *In re Bowers*, 138 Tenn., 662, 200 S. W., 821; *Gregory* v. *City of Memphis*, 157 Tenn., 68, 6 S. W. (2d), 332. In 12 C. J., 1161, it is stated:

"The right which every person in general has to engage in any profession or occupation that he chooses is subject to the police power of the legislature, in the protection of its people against incompetent persons and harmful practices, to prescribe the qualifications required of persons authorized to practice a profession requiring special knowledge or skill, such as the professions of law, medicine, optometry, dentistry, and pharmacy."

■ Finally, we are urged to declare this act invalid as violative of article 1, section 8, of the State Constitution. Defendant does not designate in what respect the act offends this prohibition of the Constitution. One who assails the classification in a law must carry the burden of showing that it does not rest on any reasonable basis, but is essentially arbitrary and unreasonable. 6 R. C. L., 385. This the defendant has failed to do. Since the privilege of protecting the liberties and property rights of the citizens in the courts is intrusted exclusively to the legal profession, it is essential that the members thereof be properly qualified and prepared. To attain this purpose it is necessary that rules and regulations be prescribed for their guidance. We cannot conceive, therefore, of a more natural or reasonable classification than one that embraces all members of a given profession. In 12 C. J., 1158, 1159, it is said:

"It is not unlawful to classify business and to provide different rules for different classes. A state may, in the exercise of its police power, and without denial of the equal protection of the laws, prescribe reasonable regulations for the practice within its jurisdiction of the various professions, trades, and occupations, and for the conduct of business."

The statute does not prohibit the defendant from practicing law; it simply requires him to comply with the rules and regulations which the Legislature, under its police power, has prescribed for all persons desiring to follow that profession.

We find no error in the decree of the chancellor, and it will be affirmed with costs, and the cause remanded for further proceedings.