LINEBERGER *v.* STATE *ex rel.* BEELER, ATTORNEY-GENERAL, *et al.*

(*Nashville,* December Term, 1938.)

Opinion filed June 10, 1939.

BRANDON & BRANDON, of Lewisburg, for appellant.

ROY H. BEELER, Attorney-General, A. G. EWING and SEYMOUR SAMUELS, both of Nashville, ALVIN B. COLLINS, of Murfreesboro, and THURMAN THOMPSON, of Lewisburg, for appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This bill was filed in the name of the State ex rel. Roy H. Beeler, Attorney-General, and A. G. Ewing, et al., members of the Tennessee Bar, acting on behalf of the Bar Association of Tennessee, to enjoin J. A. Lineberger from practicing law or acting as an attorney, solicitor or counselor in any of the courts of this State, alleging that he has not taken the examination provided by law before the State Board of Law Examiners, and has not received a license to practice law as required by Section 7113a of the 1932 Code, and has not complied in other

respects with the pertinent Code provisions. The bill alleged that the defendant is engaged in the practice of law as defined in Chapter 30 of the 1935 Public Acts, and it is alleged that in so acting he is guilty of a public nuisance, and the bill prays for an injunction. The bill sets up passage of Chapter 180, Public Acts of 1933, which purports to permit the defendant to practice the profession of law without having taken the examination before the State Board of Law Examiners or otherwise complying with the conditions and requirements by law provided for all other citizens of this State, but the bill alleges that this Act is unconstitutional and void because in violation of Article XI, Section 8, of the Constitution, in that it grants to the defendant rights, privileges and immunities not extended to other members of the community similarly situated, and suspends and is inconsistent with Code, sections 7113a, 7114 and 7115, and with Chapter 30 of the Public Acts of 1935, the laws cited governing admission to the bar and the practice of the profession of law.

The Chancellor granted an injunction.

The defendant demurred to the bill, insisting (1) that Chapter 180 of the Public Acts of 1933 is constitutional, (2) that the complainants have suffered no damages, and (3) that the complainants have no right to maintain the suit, but that it must be brought on relation of the Board of Law Examiners.

On the hearing of the bill and demurrer, the Chancellor overruled all grounds of demurrer and granted an appeal.

■ We find no error in the action of the Chancellor. We think there can be no doubt that this Act relied on by the defendant contravenes Article XI, Section 8, of our Constitution as construed and applied by this Court in

numerous cases holding that the Legislature has no power to suspend any general law for the benefit of any particular individual, or to pass any law granting to any individual rights, privileges, or immunities not extended to any other member of the community who may be able to bring himself within the provisions of such law. Constitution of Tennessee, Article XI, Section 8; *Dreaden* v. *Halliburton,* 166 Tenn., 331, 335, 61 S. W. (2d), 670; *Howe* v. *Hawkins County,* 159 Tenn., 651, 21 S. W. (2d), 395; *Peay* v. *Nolan,* 157 Tenn., 222, 7 S. W. (2d), 815, 60 A. L. R., 408; *Cumberland University* v. *Golladay,* 152 Tenn., 82, 274 S. W., 536; *State* v. *Columbia, Godwin & Santa Fe Turnpike Company,* 133 Tenn., 446, 181 S. W., 682; *Stratton Claimants* v. *Morris Claimants,* 89 Tenn., 497, 15 S. W., 87, 12 L. R. A., 70; *McKinney* v. *Hotel Company,* 59 Tenn. (12 Heisk.), 104.

This Act being unconstitutional, the injunction was properly issued, the practice of law being otherwise unauthorized and unlawful, in violation of the Code Sections hereinbefore cited. And that the conduct alleged may be enjoined as a public nuisance is settled in the recent case of *Lamb et al.* v. *Whitaker,* 171 Tenn., 485, 490, 105 S. W. (2d), 105, which case contains a full discussion of the pertinent issues here involved, rendering it unnecessary in this opinion to do more than cite that authority.

The challenge raised by the demurrer of the right of the complainants to prosecute the present suit is, also, without merit, this question being also ruled by the opinion in *Lamb et al.* v. *Whitaker, supra.* And see Code, section 9976, which provides for the institution of proceedings in the various courts of the State by any Bar Association, committee, or individual aggrieved.

The decree of the Chancellor is affirmed.