STATE *ex rel.* BOARD OF DENTAL EXAMINERS *v.* ALLEN.

(*Knoxville,* September Term, 1950.)

Opinion filed June 16, 1951.

B. B. GULLET, of Nashville, and ROY H. BEELER, Attorney General, for plaintiff in error.

ROY C. NELSON, and BANKS, STREET & BANKS, all of Elizabethton, for defendant.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is an appeal by Allen from the Chancellor's decree adjudging Chapter 69 of the Public Acts of 1949 to be unconstitutional. This statute authorizes the Quarterly County Court of Carter County to "establish the office of District Dentist in the Second Civil District to treat only persons within the confines of the Second Civil District of said County for compensation paid by those treated".

That statute further provides: "That said District Dentist shall continue to so act only so long as there is no dentist licensed by the State of Tennessee resident in said Second Civil District."

The only construction of which this statute is susceptible is that it purports to empower the Quarterly Court of Carter County to authorize a person who is not a

licensed dentist to practice that profession in the Second District of Carter County. It permits such practice there by an unlicensed person only so long as there is no licensed dentist residing in that district. Under the general law applicable to the entire State no person may practice dentistry anywhere in Tennessee without a license; Chapter 126 of the Public Acts of 1935; Williams' Code Section 6969.1.

■■ Under the general law applicable to the entire State no person can practice the profession of law without a license issued after compliance with specified requirements. In this state of the law the Legislature enacted a statute which purported to permit J. A. Lineberger to practice law in Tennessee without the required license. This Court held that this statute contravened Article XI, Section 8 of our Constitution forbidding the Legislature from suspending ''any general law for the benefit of any particular individual, or to pass any law granting to any individual rights, privileges, or immunities not extended to any other member of the community who may be able to bring himself within the provisions of such law''. *Lineberger* v. *State ex rel. Beeler,* 174 Tenn., 538, 541, 129 S. W. (2d) 198, 199.

For all practical purposes the object sought to be accomplished by the statute under consideration here is identical with the object sought by the statute in the Lineberger case, supra, in that the object of each statute was to permit a specified individual to practice in Tennessee without a license a profession which the general law forbids any person from practicing without that license.

It necessarily follows under the holding of the Lineberger case that Article XI, Section 8 of our Constitution withholds from the Legislature the power to authorize

any one to practice dentistry in the Second Civil District of Carter County without the required license. This being true, the Legislature had no power to authorize the Quarterly Court of Carter County to permit the practice of dentistry anywhere in that county by a person who does not have the required license. The Legislature cannot, of course, delegate to the Quarterly Court of a County the authority to do an act which the Constitution forbids the Legislature from doing. As so well said in the able opinion of the Chancellor in this case the Legislature cannot give to the Quarterly Court that which it, the Legislature, does not have.

The decree of the Chancellor will be affirmed with cost of the appeal adjudged against Allen and his sureties.

All concur.