**BLACKWOOD BROTHERS EVANGELISTIC ASSOCIATION and Gospel Music Church, Inc., Petitioner-Appellant,**

v.

**STATE BOARD OF EQUALIZATION, Respondent-Appellee.**

Court of Appeals of Tennessee, Middle Section.

Dec. 19, 1980.

Permission to Appeal Denied by Supreme Court March 9, 1981.

---

A. G. Burkhart, Jr., Memphis, for petitioner-appellant.

David S. Weed and Charles L. Lewis, Asst. Attys. Gen., State of Tenn., Nashville, for respondent-appellee; William S. Leech, Jr., Atty. Gen., and Reporter, Nashville, of counsel.

## OPINION

CANTRELL, Judge.

The appellant claims its property located at 2327 Kirby Parkway in Memphis is exempt from ad valorem taxes because it qualifies as a "parsonage" under T.C.A. § 67–513. The State Board of Equalization denied the exemption and the Chancery Court affirmed after reviewing the action of the Board under the applicable provisions of T.C.A. § 4–5–117. We agree with the action of the lower court and the Board.

The subject property is the home of Reverend Cecil Blackwood, the executive or chief minister of the Church known as the Blackwood Brothers Evangelistic Association and Gospel Music Church, Inc. In addition, the Reverend Blackwood is a member of the famous Blackwood Brothers Quartet, a separate, for-profit entity, which through personal appearances of the Quartet at commercial concerts provides an income for its members. Most of the time the Reverend Blackwood travels across the nation as an evangelist and performs with the Quartet; however, he preaches at the Church's local Chapel in Memphis forty to forty-five times a year. The local full time pastor, Reverend David Retzloff, conducts the regular services for the Church.

The basis for claiming an exemption is found in T.C.A. § 67–513:

There shall be exempt from property taxation the real and personal property owned by any religious, charitable, scientific or educational institution which is occupied and used by such institution or its officers purely and exclusively for carrying out thereupon one or more of the purposes for which said institution was created or exists or which is occupied and used by another exempt institution purely and exclusively for one or more of the purposes for which it was created or exists under an arrangement whereunder the owning institution receives no more rent than one dollar ($1.00) per year, provided, however, that the owning institution may receive a reasonable service and maintenance fee for such use of the property; and provided further that no church shall be granted an exemption on more than one (1) parsonage which shall include not more than three (3) acres of land except as hereinafter provided, and provided further, that no property shall be totally exempted, nor shall any portion thereof be pro rata exempted unless such property or portion thereof is actually used purely and exclusively for religious, charitable, scientific or educational purposes.

The appellant claims that the property is exempt because it is the Church's "parsonage" where its chief or executive minister lives. The Board adopted a definition of parsonage which required that it be *the*

*home of a full time regular minister of a local church.* Since this home does not fit that requirement, the Board denied the exemption. The Chancery Court held that the Board's definition of a parsonage was not arbitrary or capricious, or characterized by an abuse of discretion, and that there was material evidence in the record to support the denial.

The first two issues raised on appeal are directed at the substantial and material nature and the weight of the proof in the record. Of course, neither the Chancery Court nor this Court weighs the evidence; our job is to look to the record to see if the conclusions of the agency are supported by evidence that is substantial and material. T.C.A. § 4–5–117.

The real contention is the Board's definition of a parsonage. There is ample authority for the fact that under statutes similar to T.C.A. § 67–513 the residences of persons other than the local minister performing regularly scheduled services at a designated location are taxable. See *Harmon v. North Pacific Union Conference Association of Seventh Day Adventists*, 462 P.2d 432 (Alaska 1969); *East Coast Conference of the Evangelical Covenant Church of America v. Supervisor of Assessments*, 40 Md.App. 213, 388 A.2d 177 (1978). Under the Board's definition of a parsonage, which we find to be not arbitrary or capricious, the decision of the Board is supported by substantial and material evidence.

The remaining issues raised by the appellant are directed at the liberal construction in favor of exemption which is a part of our law. *Peabody College v. State Board of Equalization*, 219 Tenn. 123, 407 S.W.2d 443 (1966), and the interference with the church's affairs which the Board's definition might mandate in order to come within the exemption. However, as we see it, the issue is not which minister lives in the home, but whether the property is used purely and exclusively for religious purposes. Parsonages, per se, are not given exemption under the statute; only those pieces of property that are used purely and exclusively for religious, charitable, scientific or educational purposes are exempt.

Even though a church may have more than one parsonage used purely and exclusively for religious purposes, only one would be exempt. It does not follow that one parsonage is *always* exempt under all circumstances. It depends on the use of the property, and we are of opinion that the use of the property under the facts of this case is not purely and exclusively for religious purposes. The Reverend Blackwood and his family live in the property and he goes forth from there to make a living and preach, sing, and evangelize in the name of his religion. However, that does not make the property's use exclusively for religious purposes. The religious purpose may be incidentally served by the housing of a minister, but that incidental use and benefit does not bring the property within the statutory exemption. *Nashville v. Board of Equalization*, 210 Tenn. 587, 360 S.W.2d 458 (1961).

Therefore we conclude that the judgment of the court below should be affirmed.

AFFIRMED.

TODD and LEWIS, JJ., concur.