**METHODIST HOSPITALS OF MEMPHIS, Appellee,**

v.

**The ASSESSMENT APPEALS COMMIS-
SION, et al., Appellants.**

Supreme Court of Tennessee,
at Nashville.

April 23, 1984.

William B. Hubbard, Chief Deputy Atty.
Gen., Nashville, Michael W. Catalano, Asst.
Atty. Gen., Knoxville, William M. Leech,
Jr., Atty. Gen. and Reporter, Nashville, for
appellants.

James T. Bland, Jr., James R. Hall, Arm-
strong, Allen, Braden, Goodman, McBride
& Prewitt, Memphis, Tommy C. Estes,
King, Ballow & Little, Nashville, for appel-
lee.

## OPINION

COOPER, Justice.

The appeal was granted in this case to review the holding of the Court of Appeals that the parking lot used by staff and personnel of Methodist Hospital in Memphis, Tennessee, is exempt from ad valorem taxes, beginning with the tax year, 1980. From our review of the record and applicable authorities, we are of the opinion that the hospital is entitled to the tax exemption sought, and that it begins with the tax year 1979 rather than 1980 as held by the Court of Appeals.

The property in question was acquired by the hospital on September 1, 1976. Since then, it has been used to provide free parking only to those persons employed by and associated with the hospital. This includes the medical staff, interns, residents, doctors, students, faculty, security people, and maintenance people. If an employee elects not to use the parking lot, or cannot find space in which to park, the employee can make use of nearby commercial parking facilities; however, the expense of parking on the commercial parking lot is not reimbursed to the employee.

The hospital paid the property tax assessed against the parking facility from the time of acquisition through the 1979 tax year. On August 10, 1979, the hospital filed an application for exemption from ad valorem taxes for 1979 and subsequent tax years.

Article 2, Section 28 of the Constitution of Tennessee makes all property in this state subject to taxation but grants to the legislature the power to exempt certain properties from taxation, including that "held and used for purposes purely religious, charitable, scientific, literary, or educational." The legislature chose to exercise its power and in T.C.A. § 67–5–212(a)(1), undertook to exempt property owned by any religious, charitable, scientific or educational institution which is occupied and used by such institution or its officers purely and exclusively for carrying out thereupon one (1) or more of the purposes for which said institution was created or exists....

Methodist Hospital is a non-profit corporation chartered in Tennessee. The purposes of the corporation as set forth in Sections (c) and (d) of Article 5 of its charter, are:

c. To establish, own, operate, support, lease, manage, conduct and/or maintain one or more hospitals, institutions, homes and/or other facilities within and/or outside the State of Tennessee for the care and treatment of the injured, sick, diseased, disabled, afflicted, aged and infirm.

d. To provide, operate, support, conduct and/or promote any educational scientific and/or research activities related to health care.

No issue is made by the taxing authorities as to the hospital's entitlement to an exemption from property taxes, except for the parking lot that is the subject of this action. The State insists that the use of property for an employee parking lot is not a use "purely and exclusively for one or more of the purposes for which [the hospital] was created," citing *City of Nashville v. State Board of Equalization,* 210 Tenn. 587, 360 S.W.2d 458 (1962), wherein a tax exemption for property used for employee parking was denied to the Baptist Sunday School Board, as controlling. On the other hand, the hospital cites us to *LaManna v. Electrical Workers Local Union No. 474,* 518 S.W.2d 348 (Tenn.1974), wherein the labor union was granted a tax exemption for that part of a parking lot directly incidental to or essential to the carrying on of the educational program of the union, and to *Vanderbilt University v. Ferguson,* 554 S.W.2d 128 (Tenn.App.1976), wherein the employee parking lot was exempted from ad valorem taxes on the basis it was "reasonably necessary" to carry out the purposes of the hospital.

■ The apparent conflict in the results of these cases is due to the interpretation placed by the court on the requirement that property to be tax exempt must be used "purely and exclusively" for one or more of

the purposes for which the institution seeking a tax exemption was created. *See* T.C.A. § 67–5–212. In a series of cases decided since *City of Nashville v. State Board of Equalization, supra,* this court has held that the use requirement for property to be tax exempt is met where the use is "directly incidental to or an integral part of" one of the recognized purposes of an exempt institution. *LaManna v. Electrical Workers Local Union No. 474, supra; Peabody College v. State Board of Equalization,* 219 Tenn. 123, 407 S.W.2d 443 (1966); *Metro. Gov't of Nashville v. State Bd. of Equal.,* 543 S.W.2d 587 (Tenn.1976); *Book Agents of Meth. Epis. Ch., So. v. State Bd. of Equal.,* 513 S.W.2d 514 (Tenn. 1974)

■ The parking facility in question is, in our opinion, an essential and integral part of Methodist Hospital. Today's society is mobile. The dispersal pattern of society, both in habitat and location of places of employment, and the lack of public transportation in many areas and at many times of the day make it necessary for staff and personnel of the hospital to use private transportation in traveling to-and-from the hospital. This is especially true for employees forced to work a night shift. There is no better way to ensure the timely presence of needed hospital personnel on an around-the-clock basis than to provide safe and convenient parking for employees on hospital grounds. This the hospital has undertaken to do by providing free parking for hospital staff and personnel, to the exclusion of the public. We hold that the property used for such parking is exempt from ad valorem taxes.

A secondary issue concerns the effective date of the tax exemption.[1] The Board of Equalization has imposed a May 20th deadline on the filing of an application for tax exemption for the current tax year. Applications filed after the deadline, if upheld, become effective the following tax year. The date adopted by the Board of Equalization coincides with the date the assessor of property is required to open current tax rolls for public inspection. *See* T.C.A. § 67–5–508.

The Court of Appeals found no statutory authority for the deadline selected by the Board of Equalization, but concluded that T.C.A. § 67–5–212(b)(3) required applications to be filed no later than April 1st to be effective for the current tax year. Methodist Hospital takes issue with this finding, insisting that there is no statutory authority for the holding of the Court of Appeals.

On passage of the amendment to Article 2, Section 28 of the Constitution of Tennessee, the legislature found it expedient to pass the Property Assessment Classification Act of 1973, to correct existing inconsistencies in, among other areas of taxation, "Property Subject to Taxation-Exemptions." Chapter 226, Section 5 of the Public Acts of 1973. In pertinent part, the Act provided that:

> Beginning January 1, 1974, all such institutions so claiming exemption under this section shall be required to make application for such exemption to the assessor of property....
>
> . . . .
>
> The property of any such institution failing to file said application ... shall not be exempt from taxation but shall be assessed and taxed as other similar property.

Subsequently, on passage of Chapter 771, Public Acts of 1974, effective April 5, 1974, the provisions of the Property Assessment Classification Act of 1973 dealing with exemption of property from taxation were amended to read in pertinent part that:

---

1. The application for exemption filed by Methodist Hospital also included a separate parcel of land used by the Shared Services and Purchasing Departments of Methodist Hospital. Entitlement of the hospital to an exemption from ad valorem taxes for that property is not now contested by the taxing authorities. However, the taxing authorities do contest the effective date of the exemption, which is the same as the effective date of the exemption of the parking lot from taxation.

On or before April 1, 1975 [2], all such institutions so claiming exemption under this section shall be required to make application for such exemption to the assessor of property.... [Now T.C.A. § 67–5–212(b)(1)

....

The property of any such institution failing to file said application ... shall not be exempt from taxation but shall be assessed and taxed as other similar property; provided that any institution failing to file said application on or before April 1, 1975, shall have the right to an appeal before the State Board of Equalization upon the filing with the Executive Secretary of the State Board the proper form and application for such exemption. [Now T.C.A. § 67–5–212(b)(3) ]

▬▬ We find nothing in the above Act which sets a yearly deadline for filing an application for tax exemption, with a penalty of losing the exemption for the current tax year if the deadline is not met. To the contrary, even in the year 1975, the tax payer was given the right to proceed to establish its entitlement to the exemption. In the absence of a specific provision for a penalty, we are reluctant to read a penalty into the Act where the evident intent of the legislature is to give tax relief to exempt institutions. *See* T.C.A. § 67–5–201 which grants an exempt institution tax relief during the current tax year on the filing of an application after acquisition of property to be used for a tax exempt purpose, regardless of the time of year the property is acquired. We hold, therefore, that there is no deadline on the effective filing of an application for tax exemption, and that an exempt institution is entitled to tax relief for that part of the current tax year it owns the property and uses it "purely and exclusively for one or more of the purposes for which [the exempt institution] was created." In this case that would be the entire taxable year 1979, and subsequent tax years where the use of the property is unchanged.

The judgment of the Court of Appeals holding that the parking lot used by staff and personnel of Methodist Hospital is exempt from ad valorem taxes is affirmed. The judgment that the tax exemption is not effective for the tax year 1979 is reversed. Costs of the appeal will be paid by the Assessment Appeals Commission and the taxing authorities.

FONES, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.

2. In codifying the Act, the Code Commission deleted "On or before April 1, 1975."