**The METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Plaintiff–Appellant,**

v.

**TENNESSEE STATE BOARD OF EQUALIZATION, et al, Defendants–Appellees.**

Supreme Court of Tennessee, at Nashville.

Sept. 3, 1991.

Rehearing Denied Oct. 28, 1991.

Susan Short Jones, Stephen Nunn, Dept. of Law of the Metropolitan Government of Nashville and Davidson County, Nashville, for plaintiff-appellant.

Charles W. Burson, Atty. Gen. and Reporter, William P. Sizer, Asst. Atty. Gen., Nashville, for defendant-appellee.

OPINION

REID, Chief Justice.

This case presents a direct appeal, pursuant to § 16–4–108, Tennessee Code Annotated (T.C.A.), by the Metropolitan Government of Nashville and Davidson County from the decree of the chancery court holding that the 1984 amendment to T.C.A. § 67–5–212(a)(1), relating to the exemption from taxation of church parsonages, does not violate Article II, Section 28 of the Tennessee Constitution, which authorizes the legislature to exempt real and personal property "used purely and exclusively for religious, charitable, scientific or educational purposes." The language of the amendment and its purpose as confirmed by its legislative history require the determination that the amendment is unconstitutional.

Metropolitan Government filed a complaint for declaratory judgment against the State Board of Equalization, which is a state agency charged with the duty to effect the assessment of taxes in Tennessee, and against approximately 140 corporations or unincorporated associations that own church parsonages within Davidson County. The complaint seeks a declaration that the 1984 amendment to T.C.A. § 67–5–212(a)(1), which provides that "a church parsonage shall be deemed to be property used purely and exclusively for religious purposes," violates Article II, Section 28 of the state constitution.

Although Article II, Section 28 was amended in 1972 to become effective January 1, 1973, the provision material to the issue in this case has remained essentially the same since the adoption of the 1870 Constitution. As amended in 1972, the section provides:

In accordance with the following provisions, all property real, personal or mixed shall be subject to taxation, but

the Legislature may except ... such as may be held and used for purposes purely religious, charitable, scientific, literary or educational....

Article II, Section 28 is not self-executing, nor does it establish public policy regarding exemptions from taxation. Its purpose and effect were stated by the Court in *City of Nashville v. State Board of Equalization,* 210 Tenn. 587, 360 S.W.2d 458 (1962), as follows:

[T]his provision of our Constitution does not grant any tax exemption, does not establish any public policy of exemption, but merely authorizes, permits, the legislature to grant exemption in the cases specified.

360 S.W.2d at 462.

Since the adoption of the 1870 Constitution, the legislature has enacted legislation granting exemptions to certain property. Prior to the 1984 amendment, T.C.A. § 67–5–212(a)(1) was as follows:

There shall be exempt from property taxation the real and personal property, or any part thereof, owned by any religious, charitable, scientific or nonprofit educational institution which is occupied and used by such institution or its officers purely and exclusively for carrying out thereupon one (1) or more of the purposes for which the institution was created or exists or which is occupied and used by another exempt institution purely and exclusively for one (1) or more of the purposes for which it was created or exists under an arrangement whereunder the owning institution receives no more rent than one dollar ($1) per year; provided, that the owning institution may receive a reasonable service and maintenance fee for such use of the property; provided, however, that no church shall be granted an exemption on more than one (1) parsonage which shall include not more than three (3) acres of land except as hereinafter provided; and provided further, that no property shall be totally exempted, nor shall any portion thereof be pro rata exempted unless such property or portion thereof is actually used

purely and exclusively for religious, charitable, scientific or educational purposes.

The 1984 amendment, the constitutionality of which is the issue before the Court, added the following sentence at the end of T.C.A. § 67–5–212(a)(1):

For the purposes of this section, a church parsonage *shall be deemed to be* property used purely and exclusively for religious purposes; provided, however, that no church shall be granted an exemption on more than one (1) parsonage.

(Emphasis added.)

Section 67–5–212(b)(1), T.C.A., the validity of which is not attacked in this case, sets forth the procedure for claiming exemption from taxation. That section provides:

All such institutions so claiming exemption under this section shall be required to make application for such exemption to the assessor of property upon a proper form prepared by the state board of equalization and supplied by the assessor of property, and the completed form shall show ownership, estimated value, description and location of property, the purposes for which the property is used, and such other information as may be required by either the state board of equalization or the local assessor of property. No exemption shall be granted unless and until the same is approved in writing and signed by the executive secretary or staff attorney to the state board of equalization or such other person as may be designated by the board. The assessor of property shall maintain on file all applications which are approved for exemption.

The chancery court found that in adopting the 1984 amendment the legislature did not exceed its constitutional authority to grant property tax exemptions for property used for religious purposes. The chancellor's conclusion is set forth as follows:

It is made abundantly clear that T.C.A. § 67–5–212(a)(1) does not create a *per se* property tax exemption for parsonages nor does this statute foreclose inquiry as to the actual use of parsonages.... The record herein persuades the Court to conclude that it was the intent of the Legis-

lature to exempt from property tax parsonages used 'purely and exclusively' for religious purposes and that no constitutional conflict exists between T.C.A. § 67–5–212(a)(1), as amended in 1984, and Article II, Section 28 of the Constitution of Tennessee.

The issue is whether the legislature, in adopting the 1984 amendment to T.C.A. § 67–5–212(a)(1), exceeded its constitutional authority to grant property tax exemptions for property used for purely religious purposes.

■ The responsibility for determining the meaning of a constitutional provision rests in the last analysis with the judiciary, but courts must give careful consideration to the interpretation placed upon the constitution by the legislature. *LaFever v. Ware*, 211 Tenn. 393, 365 S.W.2d 44 (1963). The approach used by courts in this state in construing a property tax exemption for a religious organization was stated by the Court in *Mid–State Baptist Hospital, Inc. v. City of Nashville*, 211 Tenn. 599, 366 S.W.2d 769 (1963), as follows:

> [I]n Tennessee, contrary to most other states, a tax exemption in favor of religious, scientific, literary and educational institutions is liberally construed rather than strictly.

366 S.W.2d at 773.

■ Under our liberal construction of tax exemptions for religious organizations, the test for determining whether the use requirement of Article II, Section 28 and T.C.A. § 67–5–212(a)(1) is met is as stated in the Court's decision in *Methodist Hospitals of Memphis v. Assessment Appeals Comm'n*, 669 S.W.2d 305 (Tenn.1984):

> In a series of cases decided since *City of Nashville v. State Board of Equalization* [210 Tenn. 587, 360 S.W.2d 458 (Tenn.1962) ], this Court has held that the use requirement for property to be tax exempt is met where the use is "directly incidental to or an integral part of" one of the recognized purposes of an exempt institution.

669 S.W.2d at 307.

Pursuant to the application of the use requirement as described above, employee parking lots owned by non-profit hospitals, employee lunch rooms owned by non-profit corporations, and off-campus housing facilities owned by non-profit educational institutions have been found to be exempt from property taxation. *See Vanderbilt v. Ferguson*, 554 S.W.2d 128 (Tenn.App.1976); *Shared Hospital Services Corporation v. Ferguson*, 673 S.W.2d 135 (Tenn.1974); *George Peabody College for Teachers v. State Board of Equalization*, 219 Tenn. 123, 407 S.W.2d 443 (1966).

Article II, Section 28 authorizes the legislature to exempt from taxation property that is "held and used for purposes purely religious, charitable, scientific, literary or educational," as that provision has been construed by court decisions. However, the legislature is not authorized to grant exemptions to property that does not meet that requirement, and it may not resort to the linguistic device of stating that certain property "shall be deemed" to qualify for a stated constitutional purpose without regard to whether such property in fact so qualifies.

The legislative history of the 1984 amendment indicates that it was enacted in response to an opinion by the Attorney General. On December 6, 1983, the Attorney General issued Opinion No. 418, in which he stated that the "parsonage exemption" (and several other property tax exemptions)

> are unconstitutional to the extent that they purport to grant a tax exemption for property not used for purposes purely and exclusively religious, charitable, scientific, literary or education.

The Attorney General quoted the following language from the Court of Appeals' decision in *Blackwood Brothers Evangelistic Association v. State Board of Equalization*, 614 S.W.2d 364 (Tenn.Ct.App.1980):

> Parsonages, per se, are not given exemption under the statute; only those pieces of property that are used purely and exclusively for religious, charitable, scientific or educational purposes are exempt.

614 S.W.2d at 366.

The amendment, Chapter No. 766 of Public Acts of 1984, was enacted in the session

of the legislature immediately following the issuance of the Attorney General's opinion No. 418. The legislative history of this statute confirms that it was intended to countermand opinion No. 418 and to provide that church parsonages, per se, are exempt from property taxation. The 1984 amendment directs that parsonages be treated as property satisfying the religious purpose requirement of article II, section 28 and the statute, without regard to whether particular parsonages in fact satisfy such use requirement. This legislative mandate cannot contravene the constitutional limitation.

Holding that the 1984 amendment to T.C.A. § 67–5–212(a)(1) is unconstitutional is consistent with decisions by the Court. In *State National Bank v. City of Memphis*, 116 Tenn. 641, 94 S.W. 606 (1906), the Court dealt with a statute imposing a property tax on the outstanding capital stock of certain financial institutions. The statute provided that, in computing the assessable value of such stock, the value of certain Tennessee state bonds owned by the financial institution was to be deducted. The Court found that that provision constituted a property tax exemption that was not permitted by Article II, Section 28. The Court stated as follows:

> [Article II, Section 28 of the Tennessee Constitution] contains a provision that the legislature may exempt certain kinds of property, and shall exempt certain other kinds. Under the first division we find "... such as may be held and used for purposes purely religious, charitable, scientific, literary or educational;".... This section expresses the whole mind of the people of the State in convention assembled, in respect of the properties subject to taxation, and the extent of the power of the legislature to create exemptions therefrom. Its force cannot be dissipated by construction.

116 Tenn. at 653–54, 94 S.W. 606.

In *Cumberland University v. Golladay*, 152 Tenn. 82, 274 S.W. 536 (1924), the Court dealt with the constitutionality of a statute that granted an exemption from property taxation for bonds issued by non-profit educational corporations. The Court described the effect of the statute as follows:

> Exemption of the bonds under this act is not exemption of the property of educational institutions from taxation, but an exemption of the property of the individual who may acquire the bonds.

152 Tenn. at 85, 274 S.W. 536. The Court in *Cumberland University* found that the legislature had exceeded its power under Article II, Section 28. It stated,

> The legislature is without power to grant tax exemptions to individuals or institutions contrary to the express mandate of the constitution. The requirement of the constitution is imperative that all property except that mentioned shall be taxed. *Memphis v. Bank*, 91 Tenn. 588, 19 S.W. 1045.

152 Tenn. at 86, 274 S.W. 536.

The question whether the parsonages owned by the defendants qualify for exemption from property taxation under Article II, Section 28 of the Tennessee Constitution and T.C.A. § 67–5–212(a)(1) is not before the Court in this declaratory judgment action. However, they may qualify under the Tennessee Constitution and the statute (without regard to the 1984 amendment thereto, herein found to be invalid) if they are used purely and exclusively for religious purposes.

In *Blackwood Brothers*, 614 S.W.2d at 364, the Court of Appeals held that the State Board of Equalization definition of a parsonage as the home of a full-time regular minister of a local church was not arbitrary or capricious. The result of that holding was that only parsonages which comport with that definition meet the constitutional requirement of use for purely religious purposes. The statute thus provides an exemption from taxation for a parsonage if the church owns the property in question, the church has not claimed an exemption for another parsonage, the property is not more than three acres, and the property is occupied by a full-time minister of that local church. The statute does not preclude inquiry by the taxing authority as to these factual issues.

In summary, the amendment made to T.C.A. § 67–5–212(a)(1) by Chapter No. 766 of Public Acts of 1984 is in violation of Article II, Section 28 of the Constitution of Tennessee and is, therefore, invalid. The remaining portion of T.C.A. § 67–5–212(a)(1) remains in effect. The order of the chancery court is reversed, and this case is remanded for any necessary proceedings consistent with this opinion. Costs are taxed to the appellees.

O'BRIEN, DAUGHTREY and ANDERSON, JJ., and CANTRELL, Special Judge.